**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAIRUS PEGUES** | § | |
| | § | |
| **v.** | § | **A-10 -CA-086-LY** |
| | § | |
| **PGW AUTO GLASS LLC., et al** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants' Joint Motion to Dismiss Pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure (Clerk's Doc. No. 46) and Plaintiff's Motion to Deny Defendants' Motion to Dismiss Pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure (Clerk's Doc. No. 47). The District Court referred the motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.    Background**

Plaintiff Jairus Pegues filed suit against PGW Auto Glass, LLC and Adecco USA, Inc., alleging Title VII violations. He also filed a related case in state court: *Jairus Pegues v. Tex. Workforce Comm'n, et al.*, No. D-1-GN-09-003834, 419th District Court, Travis County, Texas. The Defendants move to dismiss Pegues's suit under Federal Rules of Civil Procedure 37 and 41 because of his consistent refusal to allow the Defendants to depose him. Pegues opposes their motion, arguing that he is not required to submit to a deposition.

**II.    Facts**

Between 2005 and 2009, Plaintiff Jairus Pegues worked for PGW Auto Glass, LLC through a work-placement company, Adecco USA, Inc.  He has sued both PGW and Adecco, claiming multiple work related claims, including Title VII violations.  Shortly after Judge Yeakel denied PGW's motion to dismiss or stay the case, the Defendants attempted to confer with Pegues to obtain a time and place to take Pegues's deposition, but Pegues refused to submit to a deposition.  Thus, following the provisions of FED. R. CIV. P. 30(b)(1), Adecco sent Pegues a notice of its intent to depose him on August 20, 2010, at the law offices of Taylor, Dunham and Burgess, L.L.P. (PGW's attorneys' office), in Austin.  By letter, Pegues informed Adecco that he would not participate in the deposition, contending that it already had all of the relevant information so any attempt to depose him was solely for intimidation and harassment, and that his deposition was neither warranted nor required.

Accordingly, on September 1, 2010, Adecco filed a motion to compel his deposition.  In response, Pegues filed a motion with the Court for a protective order to prevent the deposition, claiming that it was not necessary since the defendants already possessed all of the relevant information, and further contending that the deposition was part of an elaborate scheme to capture his likeness so the defendants could assassinate him.[1]  Because it was apparent to the Court that Pegues did not fully understand the implications of his position, the Court set a hearing on the motion to compel.  On September 30, 2010, Mr. Pegues and Defendants' counsel appeared before the Court for that hearing.  The Court explained to Mr. Pegues—who is proceeding *pro se*—that the

---

[1]Pegues makes this argument in numerous pleadings, including in his response to this motion to dismiss, and appears to be under a paranoid delusion that the Defendants intend to kill him rather than defend this lawsuit.

2

Federal Rules of Civil Procedure explicitly provide for the parties to take depositions of the other parties, and that if Pegues did not want to subject himself to a deposition, that was his choice, but the suit would not be able to proceed.  Ultimately, after a long discussion of possible dates, the Court ordered that Pegues submit to a deposition on October 14, 2010, at 9:00 a.m. in the United States Courthouse.

Notwithstanding the hearing and the Court's order, Pegues continued to object to the deposition, and on October 5, 2010, filed a motion asking Judge Yeakel to stay the undersigned's order requiring the deposition.  Judge Yeakel denied the motion the next day.  Unsurprisingly, on October 14, 2010, Pegues did not appear as directed.  Defense counsel were present in the courthouse, and waited until 9:30 a.m. before having the court reporter prepare a certificate that Pegues had not appeared for the deposition.  Counsel for PGW has also submitted an affidavit indicating that he checked with both the Court Security Officers at the front door of the building and with the undersigned's staff, and neither had heard from or seen Mr. Pegues that day.  Based on these facts, the Defendants now ask that the court dismiss this case under Rules 37 and 41.

**III.    Discussion**

    **A.    Legal Standard for Dismissal**

Federal Rule of Civil Procedure 37(d) provides, in relevant part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with proper notice . . ., the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

FED. R. CIV. P. 37(d).  Federal Rule of Civil Procedure 37(b)(2)(C) provides the court discretion to dismiss the action, but dismissal with prejudice is "a draconian remedy" and the "remedy of last

resort" "[b]ecause the law favors the resolution of legal claims on the merits and because dismissal is a severe sanction that implicates due process." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The Fifth Circuit has explained: "[A]lthough the Supreme Court has admonished that the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, we are also instructed by our precedents that sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *Id.* (internal quotations omitted). "When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice." *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984); *see also Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir. 1996) (holding that dismissal with prejudice is proper if the record demonstrates that the plaintiff engaged in "purposeful delay or contumacious conduct").

Four factors "must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the offending party must act with "willfulness or bad faith" and be "accompanied by a clear record of delay or contumacious conduct"; (2) the violation must be attributable to the client, not the attorney; (3) the party's acts must substantially prejudice the opposing party; and (4) a less severe sanction cannot achieve a substantially similar desired deterrent effect. *Conner*, 20 F.3d at 1380. While dismissal is a severe sanction, courts have imposed it on plaintiffs for failing to comply with court orders. In *Hickman v. Fox Television Station, Inc.*, the court dismissed the plaintiff's suit after the plaintiff failed to comply with court orders and indicated that she would not be available for a deposition for months. 231 F.R.D. 248, 252–53 (S.D. Tex. 2005). The court stated that "there is absolutely no indication here that lesser sanctions, including the assessment of monetary fines, will cure the *indefinite delay* to the disposition of this suit resulting

4

from Plaintiff's continuing and open-ended unavailability." *Id.* at 254.  Accordingly, it found dismissal the only available remedy.  *Id.*

**B.      Analysis**

In Pegues's response to the Defendants' motion to dismiss, he reverts to his prior arguments: the Federal Rules of Civil Procedure do not require his deposition; the Defendants must provide their questions to him in advance; they cannot videotape him; and the deposition is not for fact gathering but for harassing him.  At this point, Pegues has demonstrated his contumacious attitude towards being deposed.  And while Pegues points to provisions in the Rules that require the Court to limit discovery *if* it determines certain circumstances exist, *see* FED. R. CIV. P. 26(b)(2)(C), these rules have no applicability in these circumstances.  The deposition of the plaintiff in a lawsuit filed by him would not be "unreasonably cumulative or duplicative." *Id.* at 26(b)(2)(C)(1).  While the Defendants no doubt have information regarding the relevant facts, they do not have the Plaintiff's sworn testimony, nor have they been able to question him regarding the details of his assertions.  Further, preventing a party from deposing an opposing party runs counter to the general rule that "[a] party may, by oral questions, depose *any* person, *including a party*, without leave of court." FED. R. CIV. P. 30(a)(1) (emphasis added).  While exceptions to the general rule exist, they are discrete and not applicable in this case.

Dismissal is a severe sanction, but the Court does not have a less draconian remedy available to it.  The reason the Court held its hearing on September 30 was to specifically explain to Pegues that it would not prevent the Defendants from deposing him, that the Defendants could videotape the deposition, *see* FED. R. CIV. P. 30(b)(3)(A) (permitting recording by "audiovisual" means), and

that the only way he could avoid being deposed is by discontinuing his lawsuit.  At the hearing,

Pegues plainly understood the ramifications for failing to comply.

It is apparent the Pegues is steadfast in his refusal to be deposed and that any further warnings

will prove futile.  As the Court will not allow his case to progress without his deposition, dismissal

is the only available remedy.  Further, Pegues satisfies the four-part test the Fifth Circuit

promulgated in *Conner*: (1) he has willfully and stubbornly refused to be deposed, even in light of

a court order; (2) as he is pro se, this misconduct is not attributable to his lawyer; (3) his refusals

have substantially prejudiced the opposing parties; and (4) no less severe sanction will provide the

desired deterrent effect.  *See Conner*, 20 F.3d at 1380.

Like the plaintiff in *Hickman*, Pegues provides no indication that lesser sanctions will cure

his contumacious refusal to be deposed.  The Court spent considerable time during its hearing

explaining to Pegues that he must be deposed and that he faced sanctions if he refused.  Further, the

Court granted Pegues *in forma pauperis* status, so it is unlikely he could afford a monetary fine, nor

would a fine change his position.  Finally, Pegues's conjectures that the Defendants want to use the

deposition to reconnoiter and eventually assassinate him are baseless and appear to be the product

of his own delusion.[2]  Still, this deep-seated fear appears to prevent Pegues from ever submitting to

a deposition.  Until the opposing parties can depose Pegues, his case cannot progress and his

unreasonable refusal subverts the judicial process.  The Fifth Circuit has held that dismissal with

---

[2]For example, in Pegues's recent pleading, he contends that at the September 30th hearing
the "Defendants were allowed to videotape Plaintiff with their cell phones . . . and the Judge allowed
it, even after Plaintiff protested . . . and expressed concern to protect his life."  Plaintiff's Motion to
Deny Defendants' Motion to Dismiss (Clerk's Doc. No. 47) at 5.  Rather than filming Pegues,
counsel for the Defendants used their cell phones to check their calendars for available dates for the
deposition.  At no time did an attorney direct his phone towards Pegues, nor would the Court permit
such recording as it violates the Court's rules.

prejudice is proper if the record demonstrates that the plaintiff engaged in "purposeful delay or contumacious conduct." *Dorsey*, 84 F.3d at 171. The Court characterizes Pegues's refusal to be deposed as contumacious conduct. Therefore, dismissal is appropriate.

## IV.   Recommendation

For the reasons set forth above, the undersigned RECOMMENDS that the District Court GRANT Defendants' Joint Motion to Dismiss Pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure (Clerk's Doc. No. 46), and DENY Plaintiff's Motion to Deny Defendants' Motion to Dismiss (Clerk's Doc. No. 47), and order that this case be DISMISSED for Plaintiff's refusal to be deposed and refusal to follow an order of the Court. [3]

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985);

---

[3]If the District Court adopts the undersigned's recommendation, the undersigned FURTHER RECOMMENDS that the District Court DISMISS the pending motions to compel (Clerk's Doc. Nos. 41 and 42) as MOOT.

*Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of November, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE